

**NUMBER 13-12-00632-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RUBY FIRO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 105th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion Per Curiam**

Appellant, Ruby Firo, attempted to perfect an appeal from a conviction for aggravated assault. We dismiss the appeal for want of jurisdiction.

The trial court imposed sentence in this matter on August 17, 2012. Appellant filed a notice of appeal and a motion for new trial on September 18, 2012. On October 19, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not

timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.[1]   Appellant has not filed a response to the Court's notice.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.   TEX. R. APP. P. 26.2(a)(1).   Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court.   *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.   *See id.* 26.3.

According to Texas Rule of Appellate Procedure 21.4, appellant had thirty days after the day sentence was imposed to file his motion for new trial.   TEX. R. APP. P. 21.4. Because the thirtieth day fell on a Sunday, appellant had until the following Monday, September 17, 2012 to file a motion for new trial.   *See* TEX. R. APP. P. 4.1.   The motion for new trial was untimely because it was filed on September 18, 2012.   Therefore, his notice of appeal was due to have been filed within thirty days after the day sentence was imposed or suspended in open court.   *See* TEX. R. APP. P. 26.2(a)(2).   Although the notice of appeal herein was filed within the fifteen day time period, no such motion for extension of time was filed within the fifteen day time period.   *See id.*

[1] The trial court's certification of the defendant's right to appeal shows that the defendant has waived his right to appeal.   *See* TEX. R. APP. P. 25.2(a)(2).   On October 19, 2012, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction. *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of January, 2013.

4